UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MORRIS & DICKSON CO., LLC,<br><br>       Plaintiff,<br><br>      v.<br><br>JEFFERSON B. SESSIONS, III,<br>UNITED STATES DEPARTMENT OF JUSTICE,<br>UTTAM DHILLON,<br>UNITED STATES DRUG ENFORCEMENT<br>ADMINISTRATION, and<br>THE UNITED STATES OF AMERICA,<br><br>       Defendants. | 18-cv- |

**MOTION FOR PRELIMINARY INJUNCTION**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, Morris & Dickson Co., LLC ("Morris & Dickson") hereby moves for a preliminary injunction enjoining Defendants from carrying out an administrative proceeding against Morris & Dickson, including the Order to Show Cause issued by the United States Drug Enforcement Administration ("DEA") on or around May 2, 2018, or on any other proceedings with regard to Morris & Dickson's DEA registrations, unless and until there is a constitutionally valid system of statutes, regulatory provisions, and policies, as applied by DEA and the United States Department of Justice ("DOJ"), providing for the appointment and removal of DEA Administrative Law Judges ("ALJs").

As set forth more fully in the memorandum in support of this motion, a preliminary injunction is appropriate for the following non-exclusive reasons:

1. There is a substantial likelihood that Morris & Dickson will succeed on the merits of its claims that statutes, regulations, and policies, as applied by DEA and DOJ, providing for

the appointment and removal of DEA ALJs are not authorized by law and violate constitutional separation of powers principles, thus subjecting Morris & Dickson to an unconstitutional administrative proceeding.

2. Morris & Dickson will suffer irreparable harm if the requested preliminary injunction is not issued and the company is subjected to the deprivation of its constitutional rights and potential long-term economic harms not reparable by money damages.

3. The harm Morris & Dickson would suffer as a result of the denial of the injunction far outweighs the harm, if any, Defendants would suffer if the injunction is granted. Furthermore, since the hearing before the DEA ALJ is currently scheduled to begin on November 13, 2018, and since Morris & Dickson's Motion raises (at the very least) serious questions as to whether that allegedly unconstitutional proceeding should be enjoined to avoid irreparable injury, the balance of hardships favors enjoining Defendants from requiring Morris & Dickson to appear before a DEA ALJ, either at the currently-scheduled November 13, 2018 hearing or any other date, until the Court rules on Morris & Dickson's Motion for preliminary injunction.

4. The public interest will be harmed if the preliminary injunction is not granted.

WHEREFORE, Morris & Dickson prays that this Court issue all process necessary and appropriate to:

(1) enjoin Defendants from carrying out an administrative proceeding against Morris & Dickson, including on the Order to Show Cause issued by DEA on or around May 2, 2018, or on any other proceedings with regard to the renewal of Morris & Dickson's DEA registrations unless and until there is a constitutionally valid system of statutes, regulatory provisions, and policies, as applied by DEA and DOJ, providing for the appointment and

    removal of DEA ALJs;

(2) in the interim, enjoin Defendants from requiring Morris & Dickson to appear before a DEA ALJ, either at the currently-scheduled November 13, 2018 hearing or any other date, until the Court rules on Morris & Dickson's Motion for preliminary injunction.  Such interim relief would give this Court and the parties sufficient time to resolve Plaintiff's Motion in an orderly and efficient manner; and

(3) grant such further and other relief as this Court deems just and proper.

Dated:          October 26, 2018

Respectfully submitted,

By: /s/ *Frank H. Spruiell*

| | |
|---|---|
| Frank H. Spruiell, Jr., La. Bar No. 1611 | Joshua Arnold (*pro hac vice*), N.Y. Bar No. 4718714 |
| Reid A. Jones, La. Bar No. 34611 | |
| WIENER, WEISS & MADISON | William Simpson (*pro hac vice*), N.Y. Bar No. 5587076 |
| A Professional Corporation | |
| 333 Texas Street, Suite 2350 (71101) | CADWALADER, WICKERSHAM & TAFT LLP |
| P. O. Box 21990 | 200 Liberty Street |
| Shreveport, Louisiana  71120-1990 | New York, NY 10281 |
| Telephone: (318) 226-9100 | Telephone: (212) 504-6000 |
| Facsimile: (318) 424-5128 | Facsimile: (212) 504-6666 |
| Email:  fspruiell@wwmlaw.com | |
| Email:  rjones@wwmlaw.com | |
| | Michael A. Carvin (*pro hac vice*), D.C. Bar No. 366-784 |
| Jodi Avergun (*pro hac vice*), N.Y. Bar No. 2166668 | |
| | JONES DAY LLP |
| Keith Gerver (*pro hac vice*), N.Y. Bar No. 5049846 | 51 Louisiana Avenue, N.W. |
| | Washington, D.C.  20001 |
| CADWALADER, WICKERSHAM & TAFT LLP | Telephone:  (202) 879-7643 |
| | Facsimile:  (202) 626-1700 |
| 700 Sixth Street, N.W. | |
| Washington, D.C.  20001 | *Counsel for Morris & Dickson Co., LLC* |
| Telephone:  (202) 862-2200 | |
| Facsimile:  (202) 862-2400 | |

## **CERTIFICATE OF SERVICE**

I certify that on this 26th day of October, 2018, I have served a copy of the above and foregoing on all counsel of record through the Court's CM/ECF system.

                                                      s/  *Reid A. Jones*
                                                        Reid A. Jones